IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JOSEPH BREIGHNER, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-11-0163 |
| PHILIP J. NEUGEBAUER, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Joseph Breighner sued Philip Neugebauer and Alexander Watt, Jr. for negligence and unfair trade practices. For the following reasons, Neugebauer's motion to strike Watt's joinder will be denied, and Breighner's motion to remand will be granted.

I. Background

Between 1991 and 1992, Breighner, a citizen of Maryland, lived at 1340 S. Charles Street in Baltimore. Amend. Compl. ¶¶ 1,5. Neugebauer, a citizen of South Carolina, owned that property. *Id.* ¶ 2. Between 1992 and 1993, Breighner lived at 1245 Cleveland Street in Baltimore. *Id.* ¶ 5. Watt, a citizen of Maryland, owned that property. *Id.* ¶ 3. Breighner alleges that Neugebauer and Watt's properties contained lead-based paint "that . . . was peeling, chipping, and flaking from the walls, baseboards, and windowsills." *Id.* ¶ 6. As a result, Breighner

ingested lead paint chips and dust, causing "permanent brain damage" and "developmental and behavioral injuries." *Id.* ¶¶ 12-13.

On December 29, 2010, Breighner sued Neugebauer in the Circuit Court for Baltimore City. ECF No. 2. Neugebauer removed the case to this Court on January 19, 2011, asserting diversity jurisdiction. ECF No. 1. On January 31, 2011, Breighner filed an amended complaint adding Watt as a defendant, and moved to remand the case to state court. ECF Nos. 11 & 12. On February 9, 2011, Neugebauer moved to strike Watt's joinder. ECF No. 13.

II. Analysis

    A. Standard of Review

"When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447 (e)." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999).[1] Section 1447 (e) provides: "If after removal the plaintiff seeks to join additional defendants whose

---

[1] Breighner incorrectly argues that because he amended his complaint to join Watt "within 21 days of the filing of . . . Neugebauer's responsive pleading," the joinder is proper under Fed. R. Civ. P. 15 (a), and leave of the court is not required. Pl.'s Opp'n 2. The Fourth Circuit has held that "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447 (e), even if the joinder [could otherwise be accomplished] without leave of court." *Mayes,* 198 F.3d at 462 n. 11.

joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447 (e). "Once the court determines that joinder is appropriate, remand is automatic: 'the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined.'" *Dobbs v. JBC, Inc.*, 544 F. Supp. 2d 496, (E.D. Va. 2008)(*quoting Mayes,* 198 F.3d at 461).

"Whether or not to permit joinder is within the sound discretion of the district court." *Wilkins v. Wachovia Corp.*, 2011 WL 902031, at *5 (E.D.N.C. Feb. 28, 2011). In exercising that discretion, courts consider: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes,* 198 F.3d at 462 (*quoting Gum v. Gen. Elec. Co.,* 5 F. Supp. 2d 412, 414 (S.D. W. Va. 1998)).

B. Purpose of the Joinder

Neugebauer contends that Breighner's "sole purpose" in joining Watt was to "destroy[] diversity." Pl.'s Mot. 1. He argues that joinder should be denied because Breighner had "ample opportunity to investigate possible defendants before filing the Complaint." *Id.* 2.

3

"Especially wh[en] . . . a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes,* 198 F.3d at 463. "Careful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's interest in keeping the action in federal court." *Id.* (internal quotation marks omitted). Although the doctrine of fraudulent joinder[2] "does not directly apply after removal because the district court already possesses jurisdiction . . . if the defendants can carry the heavy burden of proving fraudulent joinder, that fact [is] perhaps the dispositive factor" in deciding whether joinder should be allowed. *Id.*

Here, there is a notable proximity between the removal and Breighner's amendment of the complaint 12 days later to add Watt as a defendant. *See id.* Breighner contends that he added Watt, not to defeat federal jurisdiction, but because: (1) newly

---

[2] A non-diverse defendant is fraudulently joined "if the plaintiff commits outright fraud in his pleadings or if there is no possibility of stating a claim against the defendant . . . even after resolving all issues of fact and law in [the] plaintiff's favor." *Layton v. Ford Motor Co.,* 2011 WL 320904, at *2 (S.D. W.Va. Jan. 28, 2011) (*citing Mayes,* 198 F.3d at 464). A "glimmer of hope" for relief against the non-diverse defendant is sufficient to defeat a finding of fraudulent joinder. *Mayes,* 198 F.3d at 466.

obtained medical records indicated that his lead paint exposure continued after he moved from Neugebauer's property to Watt's property, and (2) Neugebauer's counsel has now "indicated [that] there is a low aggregate limit on his insurance policy," so joinder "may provide additional coverage and alleviate concerns about an excess verdict against . . . Neugebauer." Pl.'s Opp'n 3-4.

The possibility that Breighner may not fully recover his damages without Watt is a plausible motive for joinder.[3] Breighner explains that he did not initially know of Watt's potential liability because "the Baltimore City Health Department ("BCHD") is currently many months behind in responding to [his] document requests." Pl. Opp'n 4.[4] Neugebauer has not specifically challenged these arguments, and filed no reply to Breighner's opposition to his motion to strike

---

[3] *Cf. Newman v. Motorola, Inc.,* 218 F. Supp. 2d 783, 787 (D. Md. 2002)(plaintiffs' reason to join non-diverse defendant appeared to be destruction of federal jurisdiction when "there [was] no reason to expect they could not fully recover their damages from the manufacturer and other defendants [already] named in federal court").

[4] Post-removal joinder of a non-diverse defendant is more defensible when it occurs after "additional discovery has taken place." *Mayes,* 198 F.3d at 463. When the joinder occurs before new discovery the plaintiff usually is precluded from arguing that he has "discovered facts previously [outside his] possession," which prevented him from "identify[ing] the correct [defendant] in [his] initial pleadings." *Gum,* 5 F. Supp. 2d at 415.

the joinder.[5] Neugebauer also has not argued that Watt's joinder was fraudulent.[6] Accordingly, the purpose of Watt's post-removal joinder appears to be appropriate.[7]

C. Diligence in Amending Complaint

The second factor to consider is the plaintiff's delay in joining the non-diverse party. Often, "the second and first factors coincide." *Newman v. Motorola, Inc.,* 218 F. Supp. 2d 783, 787 (D. Md. 2002). The second factor weighs against a plaintiff who made "no attempt . . . to add the non-diverse defendant until after removal . . . although the relevant facts . . . were in [his] possession . . . well before suit was filed." *Id.*

---

[5] Neugebauer's reply was due March 4, 2011. ECF No. 14.

[6] Breighner's amended complaint alleges that Watt owned the property Breighner lived in, the property contained "chipping, peeling, and flaking lead-based paint," Watt knew of the lead paint and of tenant complaints about it, and exposure to the lead paint caused Breighner "permanent brain damage." Amend. Compl. ¶¶ 3-13. These allegations provide the requisite "glimmer of hope" that Breighner may prevail on his negligence claim against Watt. *Mayes,* 198 F.3d at 466; *Traversa v. Ford,* 718 F. Supp. 2d 639, 647 (D. Md. 2010) (to state a claim for negligence under Maryland law, the plaintiff "must allege a duty owed by the defendant to the plaintiff, a breach of that duty, actual injury or loss suffered by the plaintiff, and that the injury or loss proximately resulted from the defendant's breach").

[7] *See Dobbs,* 544 F. Supp. 2d at 499 ("Because Dobbs seeks to add defendants whose identities he learned during the course of discovery, and whose actions are generally not distinct from the alleged actions of JBC, it is unfair to characterize Dobb's request for joinder as made for the specific purpose of avoiding federal jurisdiction.").

6

Breighner contends "there was absolutely no delay in joining Defendant Watt" because he was joined "with[in] 21 days of the filing of Defendant Neugebauer's responsive pleading." Pl.'s Opp'n 3. Although Breighner must have known that he had lived at 1245 Cleveland Street when he filed this suit, he explains that he did not know that property contained lead paint until BCHD responded to his document requests. *Id.* 4. Neugebauer has not challenged these arguments; Breighner has shown sufficient diligence.

D. Injury to the Plaintiff

The third factor asks whether denial of joinder would cause significant injury to the plaintiff. Breighner states that he would be injured if joinder is not allowed because he would be "forced to file a separate suit against Mr. Watt in the Circuit Court for Baltimore City . . . seeking redress for the same injuries and involving the same fact witnesses and expert witnesses." *Id.* 3-4.

Such duplicative litigation may be prejudicial to a plaintiff because of the danger that inconsistent verdicts may relieve one of two joint tortfeasors from liability, and because of the expense involved in prosecuting two suits rather than one.[8] It is possible that Watt or Neugebauer will argue that his

---

[8] *See, e.g., Vagenos v. Alza Corp.*, 2010 WL 2944683, at *7 (S.D. W.Va. July 23, 2010) ("If plaintiff is not allowed to add Dr.

7

codefendant is responsible for Breighner's injuries, and the factfinders in separate trials would be required to resolve many of the same issues, such as the extent of Breighner's harm. Parallel suits in state and federal court would be an "inefficient use of judicial resources." *Mayes,* 198 F.3d at 463. Neugebauer's motion to strike Watt's joinder will be denied.

III. Conclusion

For the reasons stated above, Neugebauer's motion to strike will be denied, and Breighner's motion for remand will be granted.

March 29, 2011                          _____/s/_____
Date                                       William D. Quarles, Jr.
                                                       United States District Judge

---

Masih to this lawsuit, he will be forced to file another case and will have to bear the substantial expense in both time and money of prosecuting two different cases . . . on the same set of facts); *Devore v. C.R. Bard, Inc.,* 2009 WL 3856657, at *2 (S.D. W.Va. Nov. 12, 2009)("if the factfinders in the two separate actions find the absent defendant liable for a plaintiff's injuries, the plaintiff will be unable to collect anything.").

8